ORIGINAL

FILED
NOV 21 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

1  BIRNBERG & ASSOCIATES
   CORY A. BIRNBERG (SBN 105468)
2  JOSEPH SALAMA (SBN 212225)
   703 Market Street Suite 600
3  San Francisco, California 94103
   Telephone Number: (415) 398-1040
4  Facsimile Number: (415) 398-2001

5  Attorneys for Plaintiffs
   SHOGREN LIVING TRUST; PATRICK DAVIS; ROSE MARIE, INC.; STEPHEN MELZ;
6  F/V GLADNIK, LLC; F/V MIDORI, LLC; F/V CHARLIE D., LLC; F/V DONITA, LLC;
   BOB SILVA; GALE FORCE, INC.; F/V INTREPID, INC.; BRADFORD FLOYD;
7  DANNY MURRAY; DOMONIC DAPETTI; CHAD DALHBERG

8

9                      UNITED STATES DISTRICT COURT

10                    NORTHERN DISTRICT OF CALIFORNIA

11
                                              CV 07      5926
12 SHOGREN LIVING TRUST; PATRICK  )   Case No.
   DAVIS; ROSE MARIE, INC.; STEPHEN )
13 MELZ; F/V GLADNIK, LLC; F/V     )
   MIDORI, LLC; F/V CHARLIE D., LLC; )   VERIFIED COMPLAINT *IN*
14 F/V DONITA, LLC; BOB SILVA; GALE )    *PERSONAM* AND *IN REM* – IN
   FORCE, INC.; F/V INTREPID, INC.;  )   ADMIRALTY AND AT LAW -
15 BRADFORD FLOYD; DANNY            )    FOR NEGLIGENCE, STRICT
   MURRAY; DOMONIC DAPETTI; CHAD )       LIABILITY AND DAMAGES
16 DALHBERG;                        )
                                    )   PLAINTIFFS HEREBY
17                                  )   DEMAND A TRIAL BY JURY
                 Plaintiffs,        )   ON SUPPLEMENTAL STATE
18                                  )   LAW CLAIMS
            v.                      )   LOCAL RULE 3-6
19                                  )
   REGAL STONE, LTD.; HANJIN        )
20 SHIPPING, CO., LTD.; JOHN COTA; M/V )  DEMAND FOR JURY TRIAL
   COSCO BUSAN, Official No. 9231743 her )
21 engines, apparel, furniture, etc, *in rem*; )

22               Defendants.

23 ─────────────────────────────

24    Plaintiffs SHOGREN LIVING TRUST; PATRICK DAVIS; ROSE MARIE, INC.;

25 STEPHEN MELZ; F/V GLADNIK, LLC; F/V MIDORI, LLC; F/V CHARLIE D., LLC;

26 F/V DONITA, LLC; BOB SILVA; GALE FORCE, INC.; F/V INTREPID, INC.;

27 BRADFORD FLOYD; DANNY MURRAY; DOMONIC DAPETTI; CHAD DALHBERG;

28 ["Plaintiffs"] complain against the defendants named herein, REGAL STONE, LTD.;

BIRNBERG & ASSOCIATES
703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

HANJIN SHIPPING, CO., LTD., JOHN COTA, *in personam,* and the M/V COSCO BUSAN, *in rem,* ["Defendants"] and allege as follows:

## JURISDICTION

1. This is a case of admiralty and maritime jurisdiction pursuant to FRCP 9(h) and pursuant to 28 U.S.C. § 1333, as well as the general maritime law of the United States of America.

## INTRADISTRICT STATEMENT

2. The incidents alleged herein occurred within this district and venue is accordingly proper to 28 U.S.C. § 1391(b). Plaintiffs are all residents of the State of California.

## GENERAL ALLEGATIONS

3. Plaintiffs are described as follows:

a. At all times relevant, Plaintiff SHOGREN LIVING TRUST is a living trust duly formed under the laws of the State of California, and owner of the *Aleutian Storm*, a commercial crab fishing vessel. Plaintiff SHOGREN LIVING TRUST generates income, in part, through catching crab in the San Francisco Bay and outlying waters and selling the catch for human consumption to crab brokers, restaurants, stores, and other buyers.

b. At all times relevant, Plaintiff PATRICK DAVIS is an individual who resides in the State of California, and is a commercial crab fisherman and owner of the *Susan T.* Plaintiff PATRICK DAVIS earns his living, in part, by catching crab in the San Francisco Bay and outlying waters and selling his catch for human consumption to crab brokers, restaurants, stores, and other buyers.

c. At all times relevant, Plaintiff ROSE MARIE, INC. is a corporation duly formed under the laws of the State of California, and owner of the *Kendra Jean* and the *Madeline*, commercial crab fishing vessels. Plaintiff ROSE MARIE, INC. generates income, in part, through catching crab in the San Francisco Bay and outlying waters and selling the catch for human consumption to crab brokers, restaurants, stores, and other buyers.

COMPLAINT    -2-    Case No.

  d. At all times relevant, Plaintiff STEPHEN MELZ is an individual who resides in the State of California, and is a commercial crab fisherman and owner of the *Sunrise*. Plaintiff STEPHEN MELZ earns his living, in part, by catching crab in the San Francisco Bay and outlying waters and selling his catch for human consumption to crab brokers, restaurants, stores, and other buyers.

  e. At all times relevant, Plaintiff F/V GLADNIK, LLC is a corporation duly formed under the laws of the State of California, and owner of the *F/V Gladnik*, a commercial crab fishing vessel. Plaintiff F/V GLADNIK, LLC generates income, in part, through catching crab in the San Francisco Bay and outlying waters and selling the catch for human consumption to crab brokers, restaurants, stores, and other buyers.

  f. At all times relevant, Plaintiff F/V MIDORI, LLC is a corporation duly formed under the laws of the State of California, and owner of the *F/V Midori*, a commercial crab fishing vessel. Plaintiff F/V MIDORI, LLC generates income, in part, through catching crab in the San Francisco Bay and outlying waters and selling the catch for human consumption to crab brokers, restaurants, stores, and other buyers.

  g. At all times relevant, Plaintiff F/V CHARLIE D., LLC is a corporation duly formed under the laws of the State of California, and owner of the *F/V Charlie D.*, a commercial crab fishing vessel. Plaintiff F/V CHARLIE D., LLC generates income, in part, through catching crab in the San Francisco Bay and outlying waters and selling the catch for human consumption to crab brokers, restaurants, stores, and other buyers.

  h. At all times relevant, Plaintiff F/V DONITA, LLC is a corporation duly formed under the laws of the State of California, and owner of the *F/V Donita*, a commercial crab fishing vessel. Plaintiff F/V DONITA, LLC generates income, in part, through catching crab in the San Francisco Bay and outlying waters and selling the catch for human consumption to crab brokers, restaurants, stores, and other buyers.

COMPLAINT   -3-   Case No.

i. At all times relevant, Plaintiff BOB SILVA is an individual who resides in the State of California, and is a commercial crab fisherman and owner of the *Beluga*. Plaintiff BOB SILVA earns his living, in part, by catching crab in the San Francisco Bay and outlying waters and selling his catch for human consumption to crab brokers, restaurants, stores, and other buyers.

j. At all times relevant, Plaintiff GALE FORCE, INC. is a corporation duly formed under the laws of the State of California, and owner of the *Nan Bellis*, a commercial crab fishing vessel. Plaintiff GALE FORCE, INC. generates income, in part, through catching crab in the San Francisco Bay and outlying waters and selling the catch for human consumption to crab brokers, restaurants, stores, and other buyers.

k. At all times relevant, Plaintiff F/V INTREPID, INC. is a corporation duly formed under the laws of the State of California, and owner of the *F/V Imperial*, a commercial crab fishing vessel. Plaintiff F/V INTREPID, INC. generates income, in part, through catching crab in the San Francisco Bay and outlying waters and selling the catch for human consumption to crab brokers, restaurants, stores, and other buyers.

l. At all times relevant, Plaintiff BRADFORD FLOYD is an individual who resides in the State of California, and is a commercial crab fisherman who earns his living, in part, by catching crab in the San Francisco Bay and outlying waters and selling his catch for human consumption to crab brokers, restaurants, stores, and other buyers.

m. At all times relevant, Plaintiff DANNY MURRAY is an individual who resides in the State of California, and is a commercial crab fisherman and owner of the *Equinox*. Plaintiff DANNY MURRAY earns his living, in part, by catching crab in the San Francisco Bay and outlying waters and selling his catch for human consumption to crab brokers, restaurants, stores, and other buyers.

n. At all times relevant, Plaintiff DOMONIC DAPETTI is an individual who resides in the State of California, and is a commercial crab fisherman and

BIRNBERG & ASSOCIATES
703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

owner of the *Tokiwa 2*. Plaintiff DOMONIC DAPETTI earns his living, in part, by catching crab in the San Francisco Bay and outlying waters and selling his catch for human consumption to crab brokers, restaurants, stores, and other buyers.

  o. At all times relevant, Plaintiff CHAD DALHBERG is an individual who resides in the State of California, and is a commercial crab fisherman and owner of the *Realization*. Plaintiff CHAD DALHBERG earns his living, in part, by catching crab in the San Francisco Bay and outlying waters and selling his catch for human consumption to crab brokers, restaurants, stores, and other buyers.

  4. Plaintiffs are informed and believe that Defendant REGAL STONE, LTD. is a corporation or business organization organized under the laws of a state or country other than California. Plaintiffs are informed and believe that prior to November 7, 2007, and on that date, REGAL STONE, LTD. was the owner of the M/V COSCO BUSAN, Official No. 9231743, registered in Hamburg, Germany. Said vessel was, and now is, an 810-foot container ship engaged in the transportation of goods and cargo on the navigable waters of the United States of America.

  5. Plaintiffs are informed and believe that Defendant HANJIN SHIPPING, CO., LTD. is a corporation or business organization organized under the laws of a state or country other than California. Plaintiffs are informed and believe that prior to November 7, 2007, and on that date, HANJIN SHIPPING, CO., LTD. was the purported time charterer of the M/V COSCO BUSAN, Official No. 9231743, registered in Hamburg, Germany. Said vessel was, and now is, an 810-foot container ship engaged in the transportation of goods and cargo on the navigable waters of the United States of America.

  6. Plaintiffs are informed and believe that Defendant JOHN COTA is a San Francisco bar pilot acting under his State of California license and who was employed by the owner, charterer and/or operator of the M/V COSCO BUSAN to pilot the vessel in and around the San Francisco Bay on or about November 7, 2007 at the time of the incident giving rise to this complaint. At all relevant times, Defendant JOHN COTA held himself to the general public as having specialized skill and training for the piloting and navigation of

vessels such as the M/V COSCO BUSAN in the San Francisco Bay under all weather conditions.

7. Plaintiffs are informed and believe that Defendant M/V COSCO BUSAN, Official No. 9231743 is an 810-foot container ship engaged in the transportation of goods and cargo on the navigable waters of the United States of America. Said defendant is an ocean-going vessel within the jurisdiction of this Court.

8. On or about November 7, 2007, at approximately 8:30 a.m., the M/V COSCO BUSAN struck the James "Sunny Jim" Rolph Bridge, commonly known as the San Francisco-Oakland Bay Bridge ["Bay Bridge"], on the protective shield that covers the concrete base of the second tower west of Yerba Buena Island, opening a gash in the side of the vessel approximately 160 feet long, causing approximately 58,000 gallons of oil to leak into the San Francisco Bay. This oil spill caused an unknown amount of harm to all marine life in the San Francisco Bay Area as well as a California state of emergency.

9. The Dungeness crab fishing season was scheduled to start on Thursday, November 15, 2007. The oil spill caused the Governor of the State of California to partially close the crab fishing season. In response to the oil spill, the California Department of Fish and Game as well as the Governor of the State of California created "no fishing zones" which, inside the San Francisco Bay, extend from the south end of Sonoma County to the north to the north end of Santa Clara County to the south and include the entire eastern portion of the San Francisco Bay, and three miles out from shore to the west, from San Pedro Point to Point Reyes Lighthouse. Further, other agencies of the State of California as well as State of California Health & Safety department issued directives so that crab buyers were not allowed to buy crab because of the potential unsafe food condition of the crab as a result the oil spill.

## FIRST CAUSE OF ACTION - NEGLIGENCE

### (Against all Defendants)

10. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 9 of this Complaint as if each was more fully set forth herein.

11. Defendants, and each of them, had a duty to Plaintiffs to use reasonable care

COMPLAINT                    -6-                    Case No.

under the circumstances and diligence and skill in the operation and navigation of the M/V COSCO BUSAN, its speed and its navigation. Because the M/V COSCO BUSAN was carrying bunker oil as fuel it is foreseeable that the failure to exercise reasonable care would result in severe harm to marine life in the San Francisco Bay, and interfere with crab fishing, crab sales, and commercial fishing generally.

12. Defendants, and each of them, breached this duty when they allowed the M/V COSCO BUSAN to operate in a manner which caused it to allide with the Bay Bridge.

13. The allision could have been prevented with the exercise of due care.

14. As a direct and proximate result of the Defendants' failure to exercise reasonable care, diligence and skill, approximately 58,000 gallons of oil spilled into the San Francisco Bay, and drifted west into the Pacific Ocean. Plaintiffs have been unable to catch crab, sell crab, and otherwise participate in the fishing season, as a result of the closures and of the unknown health effects associated with contaminated crab. As a result of Defendants' conduct, Plaintiffs have lost and will continue to lose the profits they would have otherwise realized this crab season from catching and selling Dungeness crab, and have suffered and will suffer other incidental damages associated therewith, in an amount according to proof.

## SECOND CAUSE OF ACTION - NEGLIGENCE

### (Against defendant JOHN COTA)

15. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 14 of this Complaint as if each was more fully set forth herein

16. Defendant JOHN COTA is a San Francisco Bar Pilot who was employed by the owners, charterers and operators of the M/V COSCO BUSAN based on his specialized knowledge, skill and training to safely conn, pilot and navigate the M/V COSCO BUSAN through the San Francisco Bay.

17. Plaintiffs are informed and believe that at all times herein relevant, the M/V COSCO BUSAN was under the direct conn, control, and/or supervision of Defendant JOHN COTA.

COMPLAINT -7- Case No.

18. At all relevant times, Defendant JOHN COTA possessed superior specialized skill and training for the piloting and navigation of vessels such as the M/V COSCO BUSAN in the San Francisco Bay under all weather conditions, well beyond other mariners who are not San Francisco Bar Pilots. Defendant JOHN COTA accordingly had a duty to Plaintiffs, as an expert in navigation of vessels in the San Francisco Bay, to use reasonable care under the circumstances, diligence and skill, as well as the same and commensurate skill of a San Francisco Bar Pilot, in the conn, operation, and navigation of the M/V COSCO BUSAN, its speed and its navigation. Because the M/V COSCO BUSAN was carrying bunker oil as fuel it is foreseeable that the failure to exercise reasonable care would result in severe harm to marine life in the San Francisco Bay, and interfere with crab fishing, crab sales, and commercial fishing generally.

19. Defendant JOHN COTA breached the foregoing duties when he conned, navigated, and mistakenly or intentionally directed the M/V COSCO BUSAN to allide with the Bay Bridge.

20. The allision could have been prevented with the exercise of due care.

21. As a direct and proximate result of the Defendant JOHN COTA's failure to exercise reasonable care, diligence and skill, approximately 58,000 gallons of oil spilled into the San Francisco Bay, and drifted west into the Pacific Ocean. Plaintiffs have been unable to catch crab, sell crab, and otherwise participate in the fishing season, as a result of the closures and of the unknown health effects associated with contaminated crab. As a result of Defendant JOHN COTA's conduct, Plaintiffs have lost and will continue to lose the profits they would have otherwise realized this crab season from catching and selling Dungeness crab, and have suffered and will suffer other incidental damages associated therewith, in an amount according to proof.

///

///

///

///

BIRNBERG & ASSOCIATES
703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

COMPLAINT        -8-        Case No.

# THIRD CAUSE OF ACTION – STRICT LIABILITY

## California Government Code § 8670.56.5

### (Against defendants REGAL STONE, LTD.; HANJIN SHIPPING, CO., LTD.; JOHN COTA)

22. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 21 of this Complaint as if each was more fully set forth herein

23. Defendants REGAL STONE, LTD. and HANJIN SHIPPING, CO., LTD., are the owners and charterers, respectively, of the M/V COSCO BUSAN. Defendant JOHN COTA was the operator, in charge, at the conn, and directly controlled the navigation of the M/V COSCO BUSAN. Defendants REGAL STONE, LTD., HANJIN SHIPPING, CO., LTD., and JOHN COTA are therefore, pursuant to California Government Code section 8670.3, "responsible parties" for purposes of California Government Code section 8670.56.5.

24. On November 7, 2007, the M/V COSCO BUSAN leaked approximately 58,000 gallons of oil onto the marine waters of the State of California.

25. As a direct and proximate result of this leak, Plaintiffs have been unable to catch crab, sell crab, and otherwise participate in the fishing season. As a result of Defendants' conduct, Plaintiffs have lost and will continue to lose profits they would have otherwise realized this crab season from catching and selling Dungeness crab, and have suffered and will continue to suffer other incidental damages associated therewith, in an amount according to proof.

26. Defendants, and each of them, are accordingly absolutely and strictly liable to Plaintiffs without regard to fault for Plaintiffs' lost profits as result of this oil leak, in an amount according to proof.

///

///

///

///

## FOURTH CAUSE OF ACTION – STRICT LIABILITY

### 33 U.S.C. 2702

### (Against defendants REGAL STONE, LTD.; HANJIN SHIPPING, CO., LTD.; JOHN COTA)

27. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 26 of this Complaint as if each was more fully set forth herein.

28. Defendants REGAL STONE, LTD. and HANJIN SHIPPING, CO., LTD., are the owners and charterers, respectively, of the M/V COSCO BUSAN. Defendant JOHN COTA was the operator, in charge, at the conn, and directly controlled the navigation of the M/V COSCO BUSAN. Defendants REGAL STONE, LTD., HANJIN SHIPPING, CO., LTD., and JOHN COTA are therefore responsible parties.

29. On November 7, 2007, the M/V COSCO BUSAN discharged oil upon the navigable waters of the United States.

30. As a direct and proximate result of this discharge, Plaintiffs have been unable to catch crab, sell crab, and otherwise participate in the fishing season. As a result of Defendants' conduct, Plaintiffs have lost and will continue to lose profits they would have otherwise realized this crab season from catching and selling Dungeness crab, and have suffered and will continue to suffer other incidental damages associated therewith, in an amount according to proof.

31. Defendants, and each of them, are accordingly strictly liable to Plaintiffs for lost profits as result of this discharge, in an amount according to proof.

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. That a warrant be issued for the arrest of the M/V COSCO BUSAN and her necessary appurtenances, citing all persons claiming any interest in the aforesaid vessel to appear and answer this complaint;

2. That the liability of Defendants be declared to be secured by a valid subsisting maritime lien on the M/V COSCO BUSAN and her necessary appurtenances, prior and superior to the interest, liens and claims of all other persons or entities;

BIRNBERG & ASSOCIATES
703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

3. That upon a default of payment of the sums of any money judgment, the Court decree that said vessel be condemned and sold and that all persons claiming an interest in said vessel and her necessary appurtenances be forever barred and foreclosed from all rights of equity or redemption or claim they may have had in or to said vessel and her necessary appurtenances;

4. For general damages;

5. For loss of profits, past and future, according to proof;

6. For incidental damages incurred, and to be incurred, according to proof;

7. For attorneys fees herein incurred;

8. For costs of suit herein incurred, including experts costs;

9. For such other and further relief as this Court may deem proper.

Dated: 21 November 2007

BIRNBERG & ASSOCIATES

By: _____
Cory A. Birnberg
Attorneys for Plaintiffs

BIRNBERG &
ASSOCIATES
703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

## VERIFICATION

My name is Cory A. Birnberg. I am the attorney for SHOGREN LIVING TRUST; PATRICK DAVIS; ROSE MARIE, INC.; STEPHEN MELZ; F/V GLADNIK, LLC; F/V MIDORI, LLC; F/V CHARLIE D., LLC; F/V DONITA, LLC; BOB SILVA; GALE FORCE, INC.; F/V INTREPID, INC.; BRADFORD FLOYD; DANNY MURRAY; DOMONIC DAPETTI; CHAD DALHBERG, Plaintiffs in this matter. All individual plaintiffs are presently not in this county. I am authorized to make this verification on their behalf. I have read this Complaint, and know its contents. I am informed and believe and on that ground allege that the matters stated in this document are true.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 21st day of November 2007 at San Francisco, California.

_____
Cory A. Birnberg

BIRNBERG & ASSOCIATES
703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury in this matter.

Dated: 21 November 2007

BIRNBERG & ASSOCIATES

By: _____
Cory A. Birnberg
Attorneys for Plaintiffs

BIRNBERG & ASSOCIATES
703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA, 94103

TEL (415) 398-1040
FAX (415) 398-2001