```
BIRNBERG & ASSOCIATES
CORY A. BIRNBERG (SBN 105468)
JOSEPH SALAMA (SBN 212225)
703 Market Street Suite 600
San Francisco, California 94103
Telephone Number: (415) 398-1040
Facsimile Number: (415) 398-2001


Attorneys for Plaintiffs in Case No. 07-059260-JL:
SHOGREN LIVING TRUST; PATRICK DAVIS; ROSE MARIE, INC.; STEPHEN
MELZ; F/V GLADNIK, LLC; F/V MIDORI, LLC; F/V CHARLIE D., LLC; F/V
DONITA, LLC; BOB SILVA; GALE FORCE, INC.; F/V INTREPID, INC.;
BRADFORD FLOYD; DANNY MURRAY; DOMONIC DAPETTI; CHAD
DALHBERG
```

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHELSEA, LLC, MARK RUSSO, ALLEN LORETZ, IVAN SIMPSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>REGAL STONE, LTD., HANJIN SHIPPING, CO., LTD., CONTI CAIRO KG, NSB NEIDERELBE, SYNERGY MARITIME, LTD. *In Personam*; M/V Cosco Busan, their engines, tackle, equipment, appurtenances, freights, and cargo *In Rem*,<br><br>Defendants.<br>_____ | Case No. C–07-5800-SC<br>Purported related case<br>Case No. 7-5926 JL<br><br>OPPOSITION TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL L.R. 3-12 AND 7-11 |

COME NOW PLAINTIFFS SHOGREN LIVING TRUST; PATRICK DAVIS; ROSE MARIE, INC.; STEPHEN MELZ; F/V GLADNIK, LLC; F/V MIDORI, LLC; F/V CHARLIE D., LLC; F/V DONITA, LLC; BOB SILVA; GALE FORCE, INC.; F/V INTREPID, INC.; BRADFORD FLOYD; DANNY MURRAY; DOMONIC DAPETTI;

BIRNBERG &
ASSOCIATES
703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

1  CHAD DALHBERG [hereinafter "*Individual* Plaintiffs"] in case no. 07-5926 JL and

2  herby oppose the Administrative Motion to Consider Whether Cases Should be Related

3  Pursuant to Civil L.R. 3-12 and 7-11 filed on December 3, 2007 in the above captioned

4  case.. The *Individual* Plaintiffs contend that the following cases are not related as

5  defined by Civil L.R. 3-12:

| CASE | CASE NO. | JUDGE ASSIGNED | FILED |
|---|---|---|---|
| *Chelsea, LLC v. Regal Stone, et al.* | C-07-5800-SC | Hon. Samuel Conti | 11/19/2007 |
| *Shogren Living Trust, et al. v. Regal Stone, Ltd., Et al.* | 07-5926-JL | Hon. James Larson | 11/21/2007 |

12  Local Rule 3-12 states:

13   Definition of Related Cases. An action is related to another when:

15   (1) The actions concern substantially the same parties, property, transaction or event; and

17   (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges

18  Although the accident hitting the bridge and causing a cessation to the Crab Fishing season is similar, the parties are different and the damages are different. Each individual fisherman has different damages, depending on their history of catch last year, size of vessel, number of crab pots, whether the vessel had to return to its home port instead of staying in San Francisco (i.e. some vessels returned to Crescent City), some lost all of their bait as they did not have adequate refrigeration to keep the crab bait for such a period of time. Further, the plaintiffs herein are "highliners" and catch more than the average fisherman, and therefore there is a danger if the damages were normed or average that Plaintiffs would lose money. As such the individual damages are different and would preclude this suit being subsumed into or coordinated with a class action suit.

BIRNBERG &
ASSOCIATES

703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

2
**OPPOSITION TO ADMINISTRATIVE MOTION**       Case No. 07-05926-JL

1     The *Individual and Chelsea* actions arise out of the same accident involving the
2 vessel *M/V COSCO BUSAN*; however, beyond this basis of the actions, the cases lack
3 substantial similarities to be considered related. Additionally, the Individual Plaintiffs
4 would be prejudiced by considering these cases related and transferring *Individual* to
5 come before the Honorable Samuel Conti, because the different procedural nature of the
6 two cases would cause undue delay in the *Individual* case.

7     1.    *Chelsea* is a class action suit, whereas *Individual* is based on individual
8 claims. Class action suits face a host of threshold questions and procedural issues that are
9 not present in individual suits, as a result, class action suits run considerably longer. For
10 example, it can take up to six months to certify a class. While the Chelsea class action
11 suit is waiting to be certified, the *Individual* suit will be stayed, unnecessarily delayed,
12 negatively impacting the *Individual* Plaintiffs' ability to prove their case as the subject
13 incident becomes more remote in time. Evidence will be harder to obtain, and witnesses
14 memories will fade. Furthermore, the plaintiffs themselves will suffer from a delay
15 because they have loss a significant portion of their earnings for this year, and any delay
16 will make it that much longer before they can obtain a recovery. The *Individual* action
17 was specifically not filed as a class action in order to avoid delays associated with class
18 action (notwithstanding that all the *Individual* Plaintiffs have different damages and may
19 not be certified as a class at all). To relate the *Individual* action to *Chelsea* action would
20 create unnecessary and prejudicial delays in the *Individual* case, especially during the
21 class certification stage.

22     2.    *Chelsea* and *Individual* face different jurisdictional issues. *Individual* is
23 subject to admiralty and maritime jurisdiction pursuant to FRCP 9(h), 28 U.S.C. § 1333
24 and the general maritime law of the United States. Where questions of jurisdiction to
25 arise, either of the cases could be unnecessarily held up by the other.

26     3.    The named Defendants in *Individual* are substantially different than those
27 in *Chelsea*. Pilot John Cota and the vessel M/V Cosco Busan are named as defendants in
28 *Individual* , but not in *Chelsea*.

BIRNBERG & ASSOCIATES
703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

3
**OPPOSITION TO ADMINISTRATIVE MOTION**    Case No. 07-05926-JL

4.  *Individual* and *Chelsea* contain different causes of action.

| Causes of Action in *Chelsea:* | Causes of Action in *Individual*: |
|---|---|
| 1. Strict Liability; | 1. Strict Liability under California Governement Code § 8670.56.5; |
| 2. Negligence; | 2. Strict Liability under 33 U.S.C. 2702; |
| 3. Violation of the Unfair Competition Act, Cal. Bus & Prof. Code § 17200, *et seq.*; | 3. Negligence against all defendants; |
| 4. Mandatory clean up program. | 4. Negligence against John Cota. |

5.  *Individual* seeks discrete damages for each of its named Plaintiffs, while *Chelsea* seeks common damages across the class. The *Individual* Plaintiffs consist of individuals or corporations who have all suffered harm and losses unique to them and should be awarded damages bases on individual consideration. Since *Chelsea*, is a class action suit, damages are not calculated on an individual basis, and are not at all comparable to those damages sought in *Individual*.

For the foregoing reasons, the *Individual* Plaintiffs respectfully request that the Administrative Motion to Consider Whether Cases Should be Related Pursuant to Civil L.R. 3-12 and 7-11 filed by the Plaintiffs in *Chelsea* be denied with prejudice.

Dated: December 6, 2007                         BIRNBERG & ASSOCIATES

                                                By: /s/Cory Birnberg
                                                Cory A. Birnberg
                                                Attorney for Defendants

BIRNBERG & ASSOCIATES

703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001